UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

SAMUEL CANNON,

        Plaintiff,

v.

UNKNOWN TOENSING et al.,

        Defendants.
_____/

Case No. 2:25-cv-181

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim as detailed below.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility in Adrian, Lenawee County, Michigan. The events about

which he complains occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following KCF staff in their individual and official capacities: Corrections Officer Unknown Toensing, Sergeant Unknown Ferraro, Lieutenant Unknown Tuzinowski, and Classification Director Unknown Church. (Compl., ECF No. 1, PageID.3.)

In Plaintiff's complaint, he alleges that on November 1, 2024, Defendant Toensing wrote a "work evaluation report," in which Toensing "alleged that Plaintiff failed to report for work on two days (10-18-24 and 10-28-24)."[1] (*Id.*, PageID.5.) "Plaintiff had been employed cleaning phones at [KCF]," and "as a result of Toensing's work evaluation report dated 11-01-24, both Plaintiff's job and his pay for same was suspended." (*Id.* (phrasing in original retained).) Plaintiff claims that pursuant to KCF's "yard crew work rules, to remove a prisoner from a yard crew job for being absent, the prisoner must have failed to have shown up for work three or more times." (*Id.*) On November 27, 2024, "Plaintiff wrote a grievance on Defendant Toensing" regarding the November 1, 2024, "work evaluation report that Toensing had written on Plaintiff." (*Id.*, PageID.4.)

Defendant Ferraro interviewed Plaintiff regarding the November 27, 2024, grievance, and during the interview, Defendant Ferraro "acknowledged that Plaintiff would in fact have to have his job returned, however, Defendant Ferraro flatly refused to compensate Plaintiff any back and/or missed pay resulting from the erroneous job removal." (*Id.*, PageID.5–6.) Plaintiff "refused to terminate the grievance." (*Id.*, PageID.6.) Later that day, Defendant Toensing came to Plaintiff's cell and "attempted to address and resolve the grievance that Plaintiff had written against him." (*Id.*) Defendant Toensing "stated that Plaintiff would have to be given his job back but would not

---

[1] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

2

be compensated any missed or back pay." (*Id.*) Plaintiff again "refused to sign off (terminate) the grievance." (*Id.*) Defendant Toensing then told Plaintiff "that he was 'hit' and now [he] wouldn't be getting anything." (*Id.*) "A few days later, rather than having the job reinstated, Plaintiff received a second and different work evaluation report from Defendant Toensing dated 11-19-24." (*Id.*) In this report, Defendant Toensing stated that Plaintiff had "failed to report to work on 11-11-24, 11-12-24, and 11-13-24." (*Id.*)

Plaintiff claims that "Defendant Toensing's work evaluation report dated 11-19-24 was entirely false" because "after the first work evaluation report had been written by Toensing on 11-01-24, Plaintiff was suspended from the job." (*Id.*, PageID.7.) Plaintiff states that "the last day that Plaintiff worked and/or received authorization to work was on 11-08-24." (*Id.*) Plaintiff alleges that "Defendants Ferraro and Tuzinowski both endorsed the contents of Toensing's false report and also submitted false reports of their own stating that Plaintiff had failed to report to work on the three (3) days cited by Toensing." (*Id.*, PageID.8.) Plaintiff further alleges that Defendant Church "took the false reports from Toensing, Ferraro, and Tuzinowski and used (knowingly) the false reports to remove Plaintiff from his job and deny Plaintiff reimbursement of income, including but not limited to backpay." (*Id.*)

Plaintiff claims that "prior to [his] decision to continue with the grievance, Defendants Toensing and Ferraro had both acknowledged and agreed that Plaintiff's job would have to be reinstated," but that "after Plaintiff's decision to continue the grievance against Toensing, rather than reinstate Plaintiff's job, Defendant Toensing filed the false report dated 11-19-24." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his First Amendment right to be free from retaliation and his Fourteenth Amendment procedural and substantive due process rights. (*Id.*, PageID.4.) The Court also construes Plaintiff's complaint to

3

raise § 1983 claims regarding the violation of prison policy. (*See id.*, PageID.5.) As relief, Plaintiff seeks compensatory and punitive damages, as well as "full reimbursement of any and all Court cost[s] in this matter, including but not limited to filing fees, postage/mailing cost, copies, notary stamps, etc." (*Id.*, PageID.10.)

II.     **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Official Capacity Claims**

Plaintiff sues Defendants in their official and individual capacities. (Compl., ECF No. 1, PageID.3.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And, regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks monetary damages only. (Compl., ECF No. 1, PageID.10.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against

Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.").

Accordingly, Plaintiff has failed to state a claim against Defendants in their official capacities upon which relief may be granted, and his official capacity claims against Defendants will be dismissed for failure to state a claim.

**B.    First Amendment Retaliation Claims**

Plaintiff alleges that Defendants retaliated against him due to "Plaintiff's refusal to terminate the grievance" that Plaintiff had filed on November 27, 2024, regarding his suspension from his prison job. (Compl., ECF No. 1, PageID.4, 7.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff alleges that on November 1, 2024, Defendant Toensing wrote a "work evaluation report," in which Toensing "alleged that Plaintiff failed to report for work on two days (10-18-24 and 10-28-24)." (Compl., ECF No. 1, PageID.5.) Plaintiff claims that pursuant to KCF's "yard crew work rules, to remove a prisoner from a yard crew job for being absent, the prisoner must have failed to have shown up for work three or more times." (*Id.*) In light of this, on November 27, 2024, "Plaintiff wrote a grievance on Defendant Toensing" regarding the November

6

1, 2024, "work evaluation report." (*Id.*, PageID.4.) Plaintiff alleges that he discussed the grievance with Defendants Ferraro and Toensing, and Plaintiff "refused to sign off (terminate) the grievance." (*Id.*, PageID.5–6.) Defendant Toensing then told Plaintiff "that he was 'hit' and now [he] wouldn't be getting anything." (*Id.*, PageID.6.) "A few days later," Defendant Toensing issued an alleged false work report dated November 19, 2024. (*Id.*) Plaintiff claims that Defendants Ferraro and Tuzinowski's "endorsed" the false work report and submitted their own supporting "false reports," and Defendant Church used the November 19, 2024, work report to terminate Plaintiff from his prison job despite knowing that the report was false. (*Id.*, PageID.4, 8.)

### 1. Defendants Toensing and Ferraro

At this early stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Under these circumstances, although Plaintiff has by no means proven his First Amendment retaliation claims against Defendants Toensing and Ferraro, the Court will not dismiss Plaintiff's retaliation claims against Defendants Toensing and Ferraro at this time.[2] *See, e.g., Mustin v. Wainwright*, No. 23-3671, 2024 WL 3950810, at *9 (6th Cir. Aug. 27, 2024) (discussing that although "temporal proximity alone may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive,'" (quoting *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004)), the Sixth Circuit "typically avoid[s] sole reliance on temporal proximity"; however, in applying this standard to Mustin's case, concluding that, among other allegations, "Mustin's allegations that the grounds for the misconduct report were contrived, and the 'suspicious temporal proximity' between his

---

[2] The Court notes that Plaintiff alleges that he filed the relevant grievance on November 27, 2024, and that the false work report was dated November 19, 2024. Based on these dates, it would appear that the work report was issued prior to Plaintiff's grievance. However, Plaintiff claims that the November 19, 2024, work report was false. Therefore, at this early stage of the proceedings, the Court does not conclude that the incongruity of the two dates allows for the dismissal of this claim.

7

complaint and the false report, [we]re sufficient to plausibly establish a retaliatory motivation" (citing *Maben v. Thelen*, 887 F.3d 252, 268 (6th Cir. 2018))).

### 2. Defendants Tuzinowski and Church

As to Defendants Tuzinowski and Church, although Plaintiff alleges that these Defendants knew that Defendant Toensing's November 19, 2024, work report was false, Plaintiff alleges no facts to suggest that Defendants Tuzinowski and Church had any knowledge of Plaintiff's November 27, 2024, grievance (i.e., the alleged protected conduct), let alone that they were motivated by this grievance when they took the above-discussed actions. (*See generally* Compl., ECF No. 1.) Instead, Plaintiff's retaliation claims against Defendants Tuzinowski and Church are entirely conclusory. Plaintiff merely alleges the ultimate fact of retaliation; however, he alleges no facts from which to reasonably infer that Defendants Tuzinowski and Church were motivated by any protected conduct. Such "conclusory allegations of retaliatory motive 'unsupported by material facts'" do not state a claim under § 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation omitted); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Accordingly, because Plaintiff fails to allege any facts to suggest that Defendants Tuzinowski and Church were motivated by Plaintiff's protected conduct, Plaintiff fails to state a First Amendment retaliation claim against Defendants Tuzinowski and Church.

8

   C.   **Fourteenth Amendment Claims**

   1.   **Procedural Due Process Claims**

Plaintiff alleges that Defendants violated his Fourteenth Amendment procedural due process rights by first suspending, and then terminating, Plaintiff from his prison job and by denying Plaintiff back pay. (*See* Compl., ECF No. 1, PageID.4, 9.)

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Here, Plaintiff's claim fails at the first step because "no prisoner has a constitutional right to a particular job or to any job." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see Bethel v. Jenkins*, 988 F.3d 931, 943 (6th Cir. 2021); *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (discussing that prisoners have no constitutional right to rehabilitation, education or jobs). Moreover, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *See Carter v. Tucker*, 69 F. App'x 678, 80 (6th Cir. 2003) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989)). Accordingly, for these reasons, Plaintiff's loss of his job assignment did not trigger a right to due process, and his Fourteenth Amendment procedural due

process claims regarding the loss of his prison job and the denial of back pay will be dismissed for failure to state a claim.

### 2. Substantive Due Process Claims

Plaintiff also alleges that Defendants violated his Fourteenth Amendment substantive due process rights when he was terminated from his prison job. (Compl., ECF No. 1, PageID.4.) Specifically, Plaintiff claims that his substantive due process rights were violated as a result of Defendant Toensing's issuance of the alleged false November 19, 2024, work report, Defendants Ferraro and Tuzinowski's "endorse[ment]" of the false work report and submission of their own supporting "false reports," and Defendant Church's use of the November 19, 2024, work report to terminate Plaintiff from his prison job despite knowing that the report was false. (Compl., ECF No. 1, PageID.4, 8.)

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

To state a substantive due process claim, "a 'plaintiff must show as a predicate the deprivation of a liberty or property interest,' as well as 'conscience-shocking conduct.'" *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 766 (6th Cir. 2020) (quoting *Guertin v. State*, 912 F.3d 907, 922 (6th Cir. 2019)). That is, a plaintiff must first show "a deprivation of a constitutionally protected

10

liberty interest" and then show that "the government's discretionary conduct that deprived that interest was constitutionally repugnant." *Id.* at 765 (quoting *Guertin*, 912 F.3d at 922).

As discussed above, Plaintiff "does not have a protected interest in prison employment." *Bethel*, 988 F.3d at 943. Therefore, Plaintiff fails to satisfy the first component of a substantive due process claim. Accordingly, Plaintiff's Fourteenth Amendment substantive due process claims against Defendants will be dismissed for failure to state a claim.

### D.   Section 1983 Claims Regarding the Violation of Prison Policy

Plaintiff alleges that he was suspended from his prison job in violation of prison policy because Defendant Toensing's first work report, which was dated November 1, 2024, "failed to allege sufficient grounds to suspend Plaintiff's job." (Compl., ECF No. 1, PageID.5.) The Court construes this allegation to raise a claim under § 1983 regarding the violation of prison policy.

As an initial matter, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants violated the MDOC's or the prison's policies fail to state a claim under § 1983.

Additionally, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus,

11

Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim.

Accordingly, Plaintiff's § 1983 claims regarding alleged violations of the prison's policies will be dismissed for failure to state a claim.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that Defendants Tuzinowski and Church will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Further, the following claims against remaining Defendants Toensing and Ferraro will be dismissed for failure to state a claim: official capacity claims, Fourteenth Amendment procedural and substantive due process claims, and § 1983 claims regarding the violation of prison policy. Plaintiff's First Amendment retaliation claims against Defendants Toensing and Ferraro in their individual capacities remain in the case.

An order consistent with this opinion will be entered.

Dated:   September 22, 2025                       /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge